### LOWENTHAL v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

CARRIERS (§ 112*)—FAILURE TO DELIVER GOODS—LIABILITY.

A carrier, undertaking to deliver goods for a consignee in accordance with a diversion order, delivered to it by the consignee while the goods were in transit, and expressly providing that it should act as the consignee's agent, and should not be liable for damages from failure to carry out such order, unless such failure resulted from its gross negligence was not liable on mere proof of failure to deliver, without evidence of gross negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 480, 484, 485; Dec. Dig. § 112.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Isaac Lowenthal against the Pennsylvania Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Maurice B. Gluck, of New York City, for appellant.

Burlingham, Montgomery & Beecher, of New York City (George R. Allen, of New York City, of counsel), for respondent.

PENDLETON, J. The action is brought by a consignee in a bill of lading for damages alleged to have been suffered by reason of defendant's failure to deliver the goods in accordance with what is nown as a "diversion order," delivered by plaintiff to defendant while e goods were in transit.

The diversion order is in writing, and expressly provides that the defendant is to act in the transaction as agent for the plaintiff, the consignee, and "shall not be liable for any damages resulting from any failure to carry out our request, unless such failure be the result of gross negligence on its part." There was no evidence of gross negligence. The provision above quoted manifestly meant something more than failure to comply with the request, and proof, therefore, of failure to deliver, alone, was not sufficient to impose liability.

Judgment affirmed, with costs. All concur.